UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-DIMITROULEAS

George May,

    Plaintiff,

vs.

CASE NO. 00-6191

The South Florida Water
Management District,

    Defendant,

COMPLAINT

1. COMES NOW, THE PLAINTIFF, George May, and files this his complaint and alleges:

FACTS

2. The following facts are common to all counts and causes of action hereinafter plead.

-1-

JURISDICTION

3. The plaintiff, George May, is a citizen of the State of Florida and the United States of America.

4. The plaintiff, George May, is presently residing and domiciled in the County of West Palm Beach, State of Florida.

5. The defendant, The South Florida Water Management, is an agency of the State of Florida, and an local government now suable persons under 42 USC §1983.

6. The defendant, has unconstitutionally taken the plaintiff's property described herein, for public purpose, without compensation, by acts under color of law.

7. The unconstitution acts of the defendant under the color of law, have effected a deliberate "freeze" on the plaintiff's, property, by "deliberately restricting the plaintiff's land use before commencement of condemnation proceedings without the duty of compensation.

8. The conduct of the defendant has been to force residents to sell their property to the defendant, by the defendant use of a variety of unconstitutional activities that include, advising property owners, plaintiff to sell their land, building permits, repair and occupancy permits were denied, false, fraudulent, appraisals, were made, and threat's were made that if the plaintiff did not immediately sell for far less then just compensation of $5 million dollars an acre that the plaintiff's property would be immediately taken for by court preceedings, and other unlawful means, including, killing the plaintiff, and citizens by flooding, with 6 feet of water, creating warm water eddy's, not draining the property as required, flooding the property.

9. That all of these unconstitutional activities by the defendant under the color of law, 42 USC §1983, have been for the sole purpose of depriving the plaintiff, of his property and protected rights protected under 42 USC §1983, 42 USC §1985, and his depriving the plaintiff of his property, and protected rights protected under The Fifth, and Fourteenth Amendment of the United States Constitution, for the unlawful profit, and the not offical acts of individuals, acting under color of law, for unlawful profit paid to them by the criminal communist environmentalist, to robb the plaintiff's property and oil property under the property herein that is land patented and owned by the plaintiff, as the defendant, can build desalt plants to obtain all the water they need from the ocean, without robbing the plaintiff's property, and oil property herein, and depriving the plaintiff of his protected rights mentioned herein above.

10. This honorable court has jurisdiction over the matter pursuant to 28 USCS §1343(a),(1),(2),(3),(4), The Civil Rights Act of 1870, 42 USC §1983, acts under the color of law, The Civil Rights Act of 1871, 42 USC §1985, The Fifth, Seventh, Ninth, Thirteenth, and Fourteenth Amendment of the United State America Constitution, The Supremacy Clause, Article VI, Clause 2., of the United States of America Constitution.

11. This is an action for damages in excess of Seventy Five Thousand Dollars, ($75,000.00).

12. The unlawful acts, under the color of law of the defendant's were committed jointly, and were concurrent in nature so as to make all of the defendant's jointly and individually liable to the plaintiff, for the damages to the plaintiff.

-2.1-

13. The plaintiff, George May, has suffered damages because of the defendant's unlawful acts under the color of law, and the color of office of in excess of $10, million dollars in compensory damages, for the so unconstitutional taking of the plaintiff's property described herein in his addendum.

14. The plaintiff, George May, is entitled to damages for the defendant's not acknowledging the taking, not providing the plaintiff a forum for the fixing of "just compensation", thus forcing the plaintiff to bring this action seeking redress, as a matter of law, for their unlawful acts against the plaintiff under the color of law and the color of office.

15. The plaintiff, George May, is entitled to damages for the defendant's depriving the plaintiff, George May, of his protected Due Process, and Equal Protection provisions of the Fourteenth Amendment of the United States Constitution, and the Seventh Amendment of the United States Constitution, by their uncompensated, and so unconstitutional taking of the plaintiff's property described in his addendum herein. as a matter of law, for their unlawful acts under the color of law, and the color of office.

16. THe plaintiff, George May, is entitled to punitive damages against the defendant's individually herein, as their acts were, and are and have been with knowledge, malice, intent, forethought, willingness, specific premeditation, wickedness, and evil purpose, against the plaintiff, George May.

STATEMENT OF THE CASE

17. That on May 23, 1994, March 2, 1995, March 28, 1995, March 7, 1996, March 7, 1997, August 13, 1999, November 30,1999, the defendant's deprived the plaintiff of his protected Due process and Equal protection provisions of the Fourteenth Amendment of the United States Constitution, by their acts under the color of law, and the color of office, by not acknowledging a taking of his real property described herein and by not providing a forum for fixing "just compensation".

18. The plaintiff, George May, through his dissolved Corporation Florida 2000, Inc. purchased on April 8, 1985, property on U.S. 27, in Broward County, that was suitable for casino gambling use, as used by Henery Flagler.

19. That the plaintiff over the years sold parcels of his property through his dissolved corporation by agreement for deed.

20. That on or about May 6, 1991, the defendant's through their agent the South Florida Water Management flooded the plaintiff's property and adjoining property and took the plaintiff's property by an uncompensated, and so unconstitutional, regulatory taking.

21. That on or about 1988, a judgement was entered against the defendant's for the adjoining property owners for a so unconstitutional taking of the adjoining property.

22. That on May 23, 1994, the plaintiff received a letter from the defendant's stating that his property was appraised at $12,800 per acre, that was false, fraudulent, and under the color of law and color of office to robb the plaintiff's

property and deprive him of his protected Civil Rights protected under the Civil Rights Act of 1870, 42 U.S.C. § 1983, The Civil Rights Act of 1871, 42 U.S.C. § 1985, 28 U.S.C.S. § 1343(a),(1),(2),(3),(4),, his due process rights, and his protected rights protected under the Fifth, Seventh, Ninth, Thirteenth, and Fourteenth Amendment of the United States Constitution, and Article VI, Cl. 2. The Supremacy Clause.

23. That on or about March 2, 1995, the plaintiff started receiving threats from the defendant's to sell his property immediately to the defendant's, and the defendant's interfered with the plaintiff's contracts for sale, and caused loss of the interest on those contracts for sale, by making payments to the plaintiff's buyers, to pre-pay their contracts for purchase, causing damages to the plaintiff of in excess of $250,000.00.

24. That on or about March 7, 1996, the plaintiff received in the mail that a judgement without notice based on a false, fraudulent, affidavit by a process server hired by the defendant's, was placed against the plaintiff's corporation for the false, fraudulent appraisal offered by the defendant's in their letter of May 23, 1994.

25. The plaintiff moved to void the false, fraudulent, void judgement, based on the process servers, false, fraudulent, affidavit, and the plaintiff then started receiveing death threats from the defendant's, and threats that if he did not sell his property at the false, fraudulent appraised price that many judgements by defendant's employee judges would be placed against his property and that he would be killed for not selling.

26. The plaintiff in fear of his life, on March 7, 1997, sold to the defendant's 1.1, arces at the extorted, false, fraudulent, demanded price set by the defendant's.

27. That on or about 1998, the plaintiff, after his research of Treaty Law, and the Treaty of 1819, ratified March 23, 1821, the antedated treaty of 1848, the Land patent Act of 1850, a conclusive judgement, and the Supreme Court Decisions in Summa Corp. v. California Ex Rel Lamds Comm. 466 U.S. 198, filed a complaint against the defendant's in Federal District Court, Central District of Florida.

28. On March 24, 1999, judgement was rendered for the plaintiff, and against the defendant's that Treaty Law was as it has been under the Supremacy Clause, Articl VI, Clause 2. the supreme law of the land, and that all may have gambling casino's on their property, as they always could, as Casino Gambling, is the law, custom, and usage of Spain and Mexico, and Florida is a Spainish
*(and Mexican Grant State, with Florida having clipped sovereignty) Grant State establishing the value of plaintiff's property as unrestricted use and for un-restricted Casino Gambling Use. *
    * at 5 million dollars an acre, or more

29. That on December 12, 1999, the plaintiff requested that the defendant's pay to him compensation for the taking of his property under the color of law, and the color of office, by their not acknowledging the taking, and not providing a forum for fixing "just compensation" and by depriving the plaintiff of his Due Process and Equal Protection provisions of the Fourteenth Amendment, and the Seventh Amendment by their uncompensated, and so unconstitutional, regulatory taking of the plaintiff's property, on March 7, 1997, and November 30, 1999, in the
* Mexican Grant by the Treaty of 1848, that is antedated.

-5-

in the amount of $10 million dollars plus interest.

30. The defendant's in their letter of August 13, 1999, stated that they would pay the plaintiff, but to this date refuse to pay the plaintiff for his property taken by the defendant's by their acts under the color of law, and the color of office.

## COUNT I
## DAMAGES

31. The plaintiff, George May, re-alleges and re-affirms his allegations contained in his complaint in paragraphs 1, through 31 , and incorporates them herein.

32. The defendant's have damaged the plaintiff, and continue to cause damages to the plaintiff, by their unlawful acts against the plaintiff herein.

33. The defendant's have caused damages to the plaintiff of in excess of $10, million dollars for the so unconstitutional taking of his property by their acts under the color of law, and the color of office.

## COUNT II
## PUNITIVE DAMAGES

34. The plaintiff, George May, re-alleges and re-affirms his allegations contained in his complaint in paragraphs 1, through 34., and incorporates them herein.

35. The defendant's acts before mentioned herein have been with knowledge, malice, intent, forethought, willingness, specific premeditation, wickedness, and evil purpose.

-6-

36. The defendant's have specifically directed their employees, agents, and representatives, with knowledge, forethought, intent, willingness, malice, specific premeditation, wickedness, and evil purpose, and have actively partaked in, ratified, and adopted all of the unlawful acts before mentioned herein against the plaintiff, making each defendant herein liable equally with the parties performing the acts before mentioned herein, and all the defendant's herein are liable for the resulting injury to the plaintiff, and damages caused to the plaintiff, before mentioned herein.

37. The plaintiff, George May, herein, pursuant to Federal Rule of Civil Procedure 38(b), the Constitution of the United States of America, the Civil Rights Act of 1870, 42 U.S.C. § 1983, the Civil Rights Act of 1871, 42 U.S.C. § 1985, under Section, 1983, actions, a trial by jury, and invokes his rights to a trial by jury under 42 U.S.C. § 1983, and demands a trial by jury in this cause herein.

38. Wherefor, the plaintiff, George May, demands judgement against the defendant's herein for damages caused to the plaintiff in the amount of $10, million dollars compensory damages, and in the amount of $1, billion dollars in consequential damages, continuing damages, exemplary damages, and general damages, jointly and severally.

Respectfully submitted

George May
P.O. Box 32247
Palm Bch. Gardens
Fl. 33420
561-333-7334

-8-

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

**00-6191**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV - DIMITROULEAS**

## I (a) PLAINTIFFS
George May,
Plaintiff,

## DEFENDANTS
The South Florida Water Management District,
Defendant,

**MAGISTRATE JOHNSON**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Palm Bch.
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Palm Bch.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-ZLOCH-6191 (PD)/LRT

**(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
George May,   PH 561-333-7334
P.O. Box 32247, P.B.G. Fl. 33420

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC §1983, 42 USC §1985,
Defendant has taken plaintiff's property without compensation

**IVa.** 9 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions * * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $75,000.00+
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 2-7-00
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 518509
Date Paid: 2/7/00
Amount 150.00
M/ifp: _____