UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

GEORGE MAY,
*Plaintiff,*

vs. **Case No. 00-6191-C.V.-DIMITROULEAS**
(Magistrate Johnson)

The South FLORIDA WATER MANAGEMENT DISTRICT,
*Defendant.*
_______________________________/

**MOTION TO STAY ALL PRETRIAL MATTERS; AND SUPPORTING MEMORANDUM**

Jeb Bush, as Governor of Florida, moves to stay all pretrial matters until disposition of his pending Eleventh Amendment claim.

**MEMORANDUM IN SUPPORT OF MOTION FOR STAY**

As detailed in Bush's pending motion to dismiss, May has filed a complaint, nominally against the South Florida Water Management District (SFWMD). However, May effected service on "Jeb Bush" individually and as "chief executive officer" of the SFWMD. All his factual allegations are against the SFWMD as an agency of the State of Florida. Although Jeb Bush is named individually, all of May's allegations against him involve official acts as Governor.

Consequently, the motion to dismiss raises the Eleventh Amendment as a bar to suing Governor Bush in his official capacity. In the interim, the Governor should be relieved of the burdens of litigation until a ruling on that motion.

The bar to this lawsuit created by the Eleventh Amendment is "in the nature of a jurisdictional bar." Bouchard Transp. Co. v.



Florida Dept. of Environmental Protection, 91 F.3d 1445, 1448 (11th Cir. 1996), *citing* Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S.Ct. 1347, 1362-63, 39 L.Ed.2d 662 (1974) (holding that Eleventh Amendment immunity may be raised for the first time on appeal). Immunity under the Eleventh Amendment shields the State from litigation, not just from liability for damages. *Id.*, 91 F.3d 1445, 1448 (11th Cir. 1996) ("Like a public official's qualified immunity, a state's Eleventh Amendment immunity is "an entitlement not to stand trial or face the other burdens of litigation." [e.s.]), *quoting* Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (holding that a court of appeals has jurisdiction under 28 U.S.C. §1291 to hear prior to final judgment an appeal from a district court order denying a claim of qualified immunity).

This Court must rule on the Eleventh Amendment issue promptly. Undue delay can itself give rise to an appeal. *See* Bouchard Transp. Co., 91 F.3d at 1448-9 ("[T]he Eleventh Amendment is a recognition that the states retain certain attributes of sovereignty, and one of its purposes is to protect states from the indignity of being haled into federal court by private litigants. This purpose is not served when a ruling on Eleventh Amendment immunity is unnecessarily postponed." [internal cites omitted]); Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986) (refusal to rule on Eleventh Amendment claim immediately appealable).

Bouchard is especially persuasive. There, private litigants invoked the federal Limitation of Liability Act to draw all claims arising from a barge/ship collision into federal admiralty court. The litigants invoked the Act against an agency of the State of Florida, the Department of Environmental Protection (DEP). DEP answered the complaint and filed a claim for environmental clean-up costs, etc., while moving to dismiss based on Eleventh Amendment immunity. Consolidating several cases, the admiralty court declined to rule on DEP's motions to dismiss. Instead, it ordered the parties to participate in mediation for two months. *Id.*, 91 F.3d at 1447.

DEP objected to its participation in court-ordered mediation on Eleventh Amendment grounds. The district court overruled DEP's objections, "holding that the court had inherent power to order mediation." *Id.*

After determining it had jurisdiction, the Eleventh Circuit observed:

> Even though the district court deferred a ruling on Eleventh Amendment immunity, we have jurisdiction to review the court's order directing DEP to mediate. *See* Collins v. School Bd. of Dade County, 981 F.2d 1203, 1205 (11th Cir.1993) (holding that an order declining to rule on qualified immunity pending trial is immediately appealable). Like a public official's qualified immunity, a state's Eleventh Amendment immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (holding that a court of appeals has jurisdiction under 28 U.S.C. §1291 to hear

> prior to final judgment an appeal from a district court order denying a claim of qualified immunity); Puerto Rico, 506 U.S. at 143-44, 113 S.Ct. at 687 (*citing* Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815). The order thus effectively denied DEP the right not to participate in this litigation. *See* Collins, 981 F.2d at 1205.

The Eleventh Circuit reviewed the district's deferral of a ruling on the Eleventh Amendment claim, and imposition of mediation for abuse of discretion. It reasoned:

> We hold that where, as here, the Eleventh Amendment question presented is a purely legal one, the district court abuses its discretion by reserving a ruling on immunity and ordering the parties to mediate. In this case, the district court reasoned that its inherent powers authorized ordering the parties to mediate. While a district court's inherent powers may be exercised when necessary to manage the court's affairs, they may not be exercised with disregard to constitutional concerns. *See* In re Novak, 932 F.2d 1397, 1406 n. 17 (11th Cir.1991) (stating that inherent powers may not be exercised in contravention of statute or rule). The mediation ordered by the district court was not necessary to resolve the Eleventh Amendment issue presented by DEP's motions, and was inconsistent with DEP's alleged right not to participate in this litigation.

*Id.* at 1449. The court then vacated the order deferring on the Eleventh Amendment claim and directing mediation. *Id.*

A major purpose of the Eleventh Amendment is to prevent states from being subjected to the burdens of litigation brought by private parties, such as Mr. May, in federal court. To the extent Governor Bush would have to comply with discovery if sought, a case management order if issued, submit to mediation, etc. pending disposition of his Eleventh Amendment claim, that claim is

defeated. As taught by Bouchard, there is no exception for non-adversarial burdens such as mediation, and thus no exception for case management orders. *See* Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, 113 S.Ct. 684, 687-8 (1993) (holding "the value to the States of their Eleventh Amendment immunity ... is for the most part lost as litigation proceeds past motion practice"). As said in Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986):

> In both cases [denial or refusal to rule] a defendant's entitlement under immunity doctrine to be free from suit and the *burden of avoidable pretrial matters* is effectively lost if the case erroneously goes to trial. [e.s.].

Just as the district court in Bouchard should have ruled on the pending Eleventh Amendment claim before ordering mediation, this Court must rule on Bush's motion to dismiss before requiring him to comply with any other matters of this lawsuit.

Under Fed.R.Civ.P. 26(c), a court, "may make any order which justice requires to protect a party from annoyance, ... oppression, or undue burden or expense, including ... that the discovery not be had." District courts have wide discretion to control the discovery process. *See, e.g.*, Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991); Advisory Committee Notes to Fed.R.Civ.P. 26(b) ("Rule 26(c) . . . confers broad power on the courts to regulate or prevent discovery."). Included in this discretion is the power of a district court to issue a protective

order, or to stay discovery pending consideration of a dispositive motion. *E.g.*, Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1304 n. 13 (5th Cir. 1983)(full stay of discovery at early stage appropriate under circumstances).

The Supreme Court has emphasized that courts "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979). Moreover, it is appropriate to limit discovery, at the outset, to a "determination of jurisdictional matters." United States Catholic Conference v. Abortion Mobilization, Inc., 487 U.S. 72, 79-80, 108 S.Ct. 2268, 2272, 101 L.Ed.2d 115 (1988).

Here, a stay is particularly appropriate because "the determination of a preliminary question may dispose of the entire suit." O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969). Moreover, a stay would protect Bush from a round of discovery in a suit that is outside this Court's jurisdiction and frivolous. As said by the Second Circuit:

> Courts must be particularly cautious to protect public officials from protracted litigation involving specious claims. In *Butz v. Economou*, 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978), the Supreme Court specifically noted the availability of pretrial motions to dispose of spurious claims.

Contemporary Mission, Inc. v. U.S. Postal Service, 648 F.2d 97, 107 (2d Cir. 1981). Here, May's claims against Bush are spurious, at

least in light of the Eleventh Amendment. All pretrial matters must be stayed pending disposition of Governor Bush's motion to dismiss.

**THEREFORE**, Governor Bush moves the Court enter an order staying all pretrial matters--including further response to the complaint, discovery, and compliance with any case management order--until disposition of the Governor's motion to dismiss.

Respectfully submitted,

**ROBERT A. BUTTERWORTH**
**ATTORNEY GENERAL**

**Charlie McCoy**
Florida Bar No. 0333646
Assistant Attorney General
Office of The Attorney General
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
(850) 414-3300
(850) 488-4872 (fax)

**CERTIFICATE OF SERVICE**

I certify a true copy of the foregoing has been furnished by U.S. Mail to **GEORGE MAY**, *pro se*, P.O. Box 32247, Palm Beach Gardens, Florida 33420; and **RUTH CLEMENTS**, counsel for the South Florida Water Management District, M.S.C. 1410, P.O. Box 24680, West Palm Beach, Florida 33416-4680; this 21st day of March, 2000.

**Charlie McCoy**
Assistant Attorney General

*<charles>may\ftlaud2\stayall.wpd*