UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

GEORGE MAY,

    Plaintiff,

v.

SOUTH FLORIDA WATER
MANAGEMENT DISTRICT,

    Defendant.
_____/

CASE NO. OO-6191-CIV-DIMITROULEAS
(Magistrate Johnson)

**DEFENDANT'S MOTION FOR RELIEF
FROM ORDER UNDER LOCAL RULE 16.1**

Defendant, South Florida Water Management District ("SFWMD"), by and through undersigned counsel and pursuant to Local Rule 7.1, moves for relief from the Order entered February 14, 2000 requiring the parties to meet and file a joint scheduling report.

### MEMORANDUM

### Introduction

On March 15, 2000, two Complaints were served on SFWMD. The first Complaint is the above referenced action. The second Complaint is a virtually identical lawsuit before the Honorable Judge Jordan (<u>George May v. South Florida Water Management District</u>, Case No. 00-00519-CIV-Jordan). Concurrently with this motion, the SFWMD is filing motions to dismiss and notices of pendency of other actions in both cases.

The motion to dismiss raises several jurisdictional bars to the instant action, including, Eleventh Amendment, ripeness, and statute of limitations.

Prior to receiving service of the Complaint in this case, on February 14, 2000 this Court entered an Order Requiring Counsel To



Meet & File Joint Scheduling Report. Pursuant to the Order, the parties would be required to hold a scheduling conference by April 7, 2000.

## Argument

Under Fed.R.Civ.P. 26(c), a court, "may make any order which justice requires to protect a party from annoyance, . . . oppression, or undue burden or expense, including . . . that the discovery not be had." District courts have wide discretion to control the discovery process. See Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991; Advisory Committee Notes to Fed.R.Civ.P. 26(b)("Rule 26(c) . . . confers broad power on the courts to regulate or prevent discovery."). Included in this discretion is the power of a district court to issue a protective order, or to stay discovery pending consideration of a dispositive motion. E.g., Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1304 n. 13 (5th Cir. 1983)(full stay of discovery at early stage appropriate under circumstances).

The Supreme Court has emphasized that courts "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979). Moreover, it is appropriate to limit discovery, at the outset, to a "determination of jurisdictional matters." United States Catholic Conference v. Abortion Mobilization, Inc., 487 U.S. 72, 79-80 (1988).

In this case, a stay is particularly appropriate since "the determination of a preliminary question may dispose of the entire

suit." O'Brien v. Avco Corp., 309 F.Supp. 703, 705 (S.D.N.Y. 1969). Moreover, a stay would protect a state agency, the SFWMD, from a round of discovery in a suit that is outside this Court's jurisdiction and frivolous. As said by the Second Circuit:

> Courts must be particularly cautious to protect public officials from protracted litigation involving spurious claims. In Butz v. Economou, . . . the Supreme court specifically noted the availability of pretrial motions to dispose of spurious claims.

Contemporary Mission, Inc. v. U.S. Postal Service, 648 F.2d 97, 107 (2d Cir. 1981). In this case, George May's claims are spurious, at least in the light of the substantial jurisdictional bars cited in the SFWMD's Motion to Dismiss.

WHEREFORE, the South Florida Water Management District moves the Court for entry of an order staying all pretrial matters--including discovery and compliance with the February 14, 2000 case management order--until disposition of the South Florida Water Management District's Motion to Dismiss.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 3rd day of April, 2000 to George May, P.O.Box 32247, Palm Beach Gardens, FL 33420.

SOUTH FLORIDA WATER MANAGEMENT DISTRICT
3301 Gun Club Road
West Palm Beach, FL 33406
(561) 687-6271
Facsimile (561) 687-6276

By_____
Ruth P. Clements
FL Bar No. 813389

3