

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**GEORGE MAY,**
*Plaintiff,*

**vs.**                                 **Case No. 00-6191-CIV-DIMITROULEAS**
                                        **(Magistrate Johnson)**

**The SOUTH FLORIDA WATER**
 **MANAGEMENT DISTRICT,**
                    *Defendant.*
_____/

### MOTION FOR ISSUANCE OF SHOW CAUSE ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 11, AND SUPPORTING MEMORANDUM

Jeb Bush, as Governor of Florida and individually, moves the Court issue an order requiring Plaintiff May to show cause why he should not be sanctioned under Fed.R.Civ.P. 11. Bush submits the following memorandum in support of issuing the show-cause order, and in support of the proposed sanctions: that all future filings by May (including any notice of appeal) be reviewed and signed by counsel, and that the State be awarded reasonable attorney fees for the time spent on this case.[1]

### MEMORANDUM IN SUPPORT

#### INTRODUCTION

May has filed 5 lawsuits expressly or effectively against the State or Governor Bush (officially and individually) since mid-December, 1999. The complaints were lodged in the Ft. Lauderdale

_____

[1]Bush has filed a comparable motion in <u>May v. SFWMD</u>, case no. 00-0519-CIV-JORDAN.



and Miami branches of this court.  The first three were expressly against the State and "Jeb Bush" in his official and individual capacities.  These suits were dismissed with prejudice on Eleventh Amendment grounds.

May then filed two more lawsuits, including this one.  These lawsuits factually duplicated two of the first three actions, except the only named defendant was the South Florida Water Management District (SFWMD).  However, May effected service upon Governor Bush individually, and as "chief executive officer" of the SFWMD.

Once May effected service in each of the five lawsuits, the State had to respond within 20 days.  Also, May twice sought massive production of documents by the State.  Under Fed.R.Civ.P. 45(c)(2)(B), the State had to object within 14 days.  Both deadlines were reached before the 21 day curative period of Rule 11(c)(1)(A) could run.  To protect himself, Governor Bush responded to May's complaints and discovery demands, thereby incurring harm which could be undone.

As to this lawsuit, there is no cure May can effectuate. Voluntary dismissal with prejudice would not prevent May from filing another lawsuit in the future, nominally against a different defendant while operating against the State or Governor Bush. Sending a copy of this motion and giving May the 21 days required by Rule 11(c)(1)(A) would be a futile gesture.  Moreover, issuance

of a show cause order by this Court--authorized by Rule 11(c)(1)(B)--does not trigger a comparable curative period.

FACTS

May has filed five lawsuits since mid-December, 1999:

1.  <u>May v. State of Florida and Jeb Bush</u>, case no. 99-3347-CIV-SEITZ;

2.  <u>May v. State of Florida and Jeb Bush</u>, case no. 99-7623-CIV-DIMITROULEAS;

3.  <u>May v. State of Florida and Jeb Bush</u>, case no. 00-0003-CIV-JORDAN;

4.  <u>May v. South Florida Water Management District</u>, case 00-519-CIV-JORDAN; and

5.  <u>May v. South Florida Water Management District</u>, case no. 00-6191-CIV-DIMITROULEAS.

The first two suits were filed December 13, 1999; the third, on January 4, 2000. In case nos. 99-3347 & 00-0003, May also subpoenaed Governor Bush for deposition, and demanded massive production of documents. (*See* Exhibit A hereto).

As to the State and Governor Bush officially, the first two suits were promptly dismissed on Eleventh Amendment grounds.[2] In case no. 99-3347, dismissal was ordered on February 1, 2000; and in case no. 99-7623, on January 20, 2000. (*See* Exhibits B & C hereto).

---

[2]Bush was also dismissed with prejudice in his individual capacity, apparently due to the blatant insufficiency of May's factual allegations--virtually all of which involved events occurring before Bush took office.

After the first two dismissals, May filed the two lawsuits against the SFWMD (on March 15 and February 7, 2000; respectively). Instead of naming the State and Jeb Bush, these two suits name the SFWMD as the only defendant.   In both, however, May effected service on Jeb Bush individually, and as "chief executive officer" of the SFWMD.   (*See* Exhibit D hereto).

Judge Jordan dismissed case no. 00-0003 with prejudice on March 21, and said:

> Although Mr. May alleges that he is suing Governor
> Bush individually, he completely fails to allege
> any facts sufficient to support a claim against
> Governor Bush for any actions he took prior to the
> date he took office.

(*See* Exhibit E hereto, p.3).  The next day, this Court dismissed Governor Bush with prejudice from <u>this</u> case, and said:

> Plaintiff's claims are barred by the Eleventh
> Amendment and Res judicata.  Plaintiff may not
> name a different Defendant, and then attempt to
> sue  a  Defendant  the  Court  has  previously
> determined to by [sic] immune to suit.

(*See* Exhibit F hereto, p.2).

<u>ARGUMENT</u>

"The purpose of Rule 11 is to deter baseless filings in the district  courts  and  thus  streamline  the  administration  and procedure of federal courts." <u>Cooter & Gell v. Hartmarx Corp.</u>, 110 S.Ct. 2447, 2545 (1990).  *See also*, <u>Moore's Fed. Prac. 3d</u> §11.03 (1997).  Sanctions pursuant to Rule 11 are warranted:

> (1)  when  a  party  files  a  pleading  that  has  no
> reasonable factual basis; (2) when the party files

4

> a pleading that is based on a legal theory that
> has no reasonable chance of success and that
> cannot be advanced as a reasonable argument to
> change existing law; <u>and</u> (3) when the party files
> a pleading in bad faith for an improper purpose.
> [e.s.].

<u>Jones v. International Riding Helmets, Ltd.</u>, 49 F.3d 692, 694 (11th

Cir. 1995) (citations omitted). Dismissal of Governor Bush with

prejudice does not preclude imposition of Rule 11 sanctions, as a

"district court has the authority to consider and rule upon the

collateral issue of sanctions, although the case from which

allegedly sanctionable conduct arose is no longer pending." <u>Didie</u>

<u>v. Howes</u>, 988 F.2d 1097, 1103 (11th Cir. 1993) (imposition of Rule

11 sanction after voluntary dismissal), *citing* <u>Cooter</u>, 110 S.Ct.

2447 at 2456.

Here, May's attempt to sue Governor Bush individually, and

officially as the chief officer of the SFWMD, meets the three

criteria for Rule 11 sanctions. Each will be addressed separately.

### The Instant Complaint Has No Reasonable Factual Basis

Rule 11 places an affirmative duty on litigants to conduct a

reasonable investigation into the facts and law before submitting

pleadings. "Attorneys and parties are required to 'think first and

file later' and to 'look before leaping.' " <u>Moore's Fed. Prac. 3d</u>

§11.11[2] [a] (1997). When confronted with a motion for Rule 11

sanctions, the court must determine:

> whether the party's claims are objectively
> frivolous -- in view of the facts or law -- and
> then, if they are, whether the person who signed
> the pleadings should have been aware that they

**5**

       were frivolous; that is, whether he would have
       been aware had he made a reasonable inquiry.

International Riding Helmets, 49 F.3d at 695.  A Rule 11 sanction

is proper if an allegation in the complaint contains no colorable

claim for relief.  McGregor v. Board of Com'rs of Palm Beach Co.,

956 F.2d 1017 (11th Cir. 1992).

There is no colorable, factual basis for the instant action

against Bush.  As found by another judge of this Court in case no.

00-0003, May failed to allege any facts "sufficient to support a

claim against Governor Bush for any actions he took prior to the

date he took office."  (See Exhibit E hereto, p.3).  Compare,

International Riding Helmets, 49 F.3d at 694-5 (upholding Rule 11

sanctions against counsel when attorney knew allegedly defective

helmet was manufactured before defendant corporation was

incorporated).

Simple inspection reveals the factual allegations of the

complaint here are identical to those of the complaint in May v.

State of Florida, case no. 99-7623-CIV-DIMITROULEAS.  (Compare

paragraphs 17-30 of the instant complaint with paragraphs 17-30 of

the complaint in case no. 99-7623 [Exhibit G hereto]).

Governor Bush, in his official capacity, was dismissed with

prejudice from factually-identical case no. 99-7623 on January 20,

2000.  (See Exhibit C hereto.).  Such dismissal was 18 days before

May filed the instant complaint; May had ample time to think about

that dismissal and what it meant for this case.  Also, Judge Seitz

**6**

dismissed case no. 99-7623 on <u>February 1</u>, 2000; six days before May filed the complaint here.   If May somehow did not receive the orders of dismissal in case nos. 99-7623 and 99-3347 before filing this lawsuit, he received them in time to voluntarily dismiss this lawsuit before the complaint was served (on <u>March 13</u>); thereby relieving Bush from a response.

This Court must take May's pro se status into account.   <u>Harris v. Heinrich</u>, 919 F.2d 1515, 1516 (11th Cir. 1990).   However, May's profligate motion practice (in case 99-7623) indicates he Can understand rules of federal civil procedure.   He filed this lawsuit soon after having two lawsuits--one similar, and one factually identical--against Bush (officially) dismissed with prejudice. Equally telling, May has not appealed either dismissal.

Were this not enough, May had also received very strong judicial observation his identical lawsuit was frivolous as to Bush in either capacity.   In its January 20 order dismissing case no. 99-7623, this Court said:

> The Court notes that Plaintiff's Complaint is fraught with contradictory statements, indeterminable accusations and unbelievable assertions.   However, the Court finds the case may be better determined on the Defendants' eleventh amendment claim of immunity.

(*See* Exhibit C hereto, p.3).   In light of these circumstances, May's pro se status does not outweigh the factual frivolity and bad faith purpose underlying this lawsuit, as against Bush.   He cannot reasonably maintain the instant complaint had a colorable factual

basis for proceeding against Bush in his official or individual capacity.

May, at least upon prompt dismissal of his first three lawsuits on Eleventh Amendment grounds, knew or should have known he could not sue the State or Governor Bush, officially, in federal court. Nevertheless, he filed the instant complaint.

Had May made a minimal but reasonable inquiry, he would have realized he could not circumvent the Eleventh Amendment simply by alleging the Governor was the "chief executive officer" of the SFWMD. His failure to do so is illustrated by the fact the instant complaint is substantively the same as the complaint lodged in May v. State, case no. 99-7623. Not bothering to change the substance of his allegations at all, May cannot attribute his deliberate service of process upon Governor Bush to innocent mistake. He simply refused to abide by this Court's dismissal of case no. 99-7623, which he did not appeal. Rule 11 sanctions are appropriate. See Attwood v. Singletary, 105 F.3d 610, 611 (11th Cir. 1997) (sustaining dismissal with prejudice as a Rule 11 sanction against an extremely litigious pro se inmate, who filed many frivolous lawsuits "on the same factual grounds, changing only the venue or the names of the defendants" [e..s]).

While the Attwood dismissal was upheld largely because Attwood lied to obtain indigent status (id. at 612), the opinion noted Attwood's §1983 claim in the Southern District of Florida was

factually similar to the §1983 claim found by a magistrate in the Northern District to have no reasonable basis in fact. *Id.* at 612. The same is true here, except that May's lawsuits are distributed between the Miami and Fort Lauderdale branches of this Court rather than among the different district courts of Florida.

Anticipating May's reply, Bush notes May did change the defendant in this lawsuit to the SFWMD, which may or may not enjoy Eleventh Amendment immunity. May could contend he lacked bad faith. This, of course, does not obviate the factual frivolity of his claims against Bush, which overwhelmingly rely on events occurring before Bush took office. Moreover, the lack of subjective bad faith does not preclude Rule 11 sanctions. *See* Baker v. Alderman, 158 F.3d 516, 527 (11th Cir. 1998) ("Despite Baker's lack of subjective bad faith, the action was frivolous and without foundation. Therefore, the imposition of sanctions [including Rule 11] against Baker is affirmed.").

### May's Legal Theory Has No Reasonable Chance Of Success, And Is Not A Reasonable Argument To Change Existing Law

As to Bush in either capacity, the instant complaint is a spurious attempt to circumvent the Governor's dismissal with prejudice in case no. 99-7623. It does not allege different facts which arguably would avoid the Eleventh Amendment bar, and relies on events occurring before Governor Bush took office. It has no reasonable chance of success, and does not advance a reasonable argument to change existing law.

## May's Complaint Was Filed In Bad Faith For An Improper Purpose

For the reasons earlier stated, the instant complaint was filed and served upon Governor Bush in bad faith, or for the improper purpose of evading--without appealing--dismissal of the Governor in case no. 99-7623.

To repeat an important point:  the only named defendant in this lawsuit (and in case no. 00-0513) is the SFWMD.  However, the summons attending service upon the Governor was directed to "Jeb Bush, Individually and as Chief Executive Officer of the [SFWMD]." (See Exhibit E hereto).

By having Bush served as "chief executive officer," May acted in bad faith.  First, May's prolific motion practice (in the earlier cases) reveals he can read and understand federal rules. He is equally capable of reading simple statutory language.  Under §373.079(4)(a), Florida Statutes, the "executive director" of a water management district is appointed by the governing board. Such appointment is "subject to approval by the Governor" and confirmation by the Senate.  Id.  The idea that Governor Bush could appoint or approve himself as executive director is absurd.

Two attachments--selected by May himself--to the instant complaint well illustrate the bad faith underlying May's characterization of Governor Bush as the chief officer of the SFWMD.  First, the August 13, 1999, letter to May from Governor Bush referred May to "Mr. Frank Finch, Executive Director of the

[SFWMD]." (*See* Exhibit H hereto).  Second, a November 30, 1999 letter to May from the SFWMD showed Mr. Finch as the executive director. (*See* Exhibit I hereto).  With express knowledge Mr. Finch is the Executive Director of the SFWMD, May acted in bad faith by having Bush served as the SFWMD's "chief executive officer.'[3]  May's clear and improper purpose was to falsely characterize Bush as a non-State official, in the hope of evading the Eleventh Amendment.

To date, May has not appealed any of the four dismissals of Governor Bush (officially or individually).  Instead, he resorts to subterfuge, thereby justifying sanctions under Rule 11.

Since this is the fourth of five baseless lawsuit filed by May, the undersigned has not had to devote as many hours to it alone.  However, the undersigned estimates he has spent 50-70 hours responding to all five lawsuits.

CONCLUSION

The State moves the Court enter an order that May show cause why he should not be sanctioned under Rule 11, by being required to have all filings reviewed and signed by counsel; and by being required to pay the attorney fees incurred by Bush in responding to

---

[3]The SFWMD's website shows Mr. Finch as its Executive Director. (*See* Ex. J hereto).  Bush requests the Court take judicial notice that the Executive Director of the SFWMD is Frank Finch.

11

this lawsuit.[4]   Absent response by May sufficient to avoid the requested sanction, the State moves he be so sanctioned.

Respectfully Submitted,

**ROBERT A. BUTTERWORTH
ATTORNEY GENERAL**

**Charlie McCoy**
Florida Bar No. 0333646
Assistant Attorney General

Office of The Attorney General
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
(850) 414-3300
(850) 488-4872 (fax)

## CERTIFICATE OF SERVICE

I certify a true copy of the foregoing has been furnished by U.S. Mail to **GEORGE MAY**, *pro se*, P.O. Box 32247, Palm Beach Gardens, Florida  33420; and **RUTH CLEMENTS**, counsel for the South Florida Water Management District, M.S.C. 1410, P.O. Box 24680, West Palm Beach, Florida  33416-4680; this 6th day of April, 2000.

**Charlie McCoy**
*<charles>may\ftlaud2\rule11.wpd*     Assistant Attorney General

_____

[4]If a show-cause order is issued, the undersigned will submit an affidavit in support of the hours comprising the sought-after fee award.  However, the undersigned probably has spent no more than 10 hours to date responding to this lawsuit alone.

12

### TABLE OF EXHIBITS

| Exhibit | Item | Date(s) |
|---------|------|---------|
| A | Subpoenas for deposition and production of documents in case nos. 99-3347 & 00-0003 | [served] 12/29/1999 & 01/04/2000 |
| B | Order Dismissing May v. State, case no. 99-3347-CIV-SEITZ | 02/01/2000 |
| C | Orders Dismissing May v. State, case no. 99-7623-CIV-DIMITROULEAS | 01/20, 1/31 & 03/21/2000 |
| D | Summons served on Gov. Bush in case nos. 00-0519 & 00-6191 | [issued] 02/07/2000 |
| E | Order Dismissing May v. State, case no. 00-0003-CIV-JORDAN | 03/21/2000 |
| F | Order of Dismissal in May v. SFWMD, case no. 00-6191 | 03/22/2000 |
| G | Complaint in May v. State, case no. 99-7623-CIV-DIMITROULEAS | [filed] 12/13/1999 |
| H | Letter to May from Gov. Bush | 08/13/1999 |
| I | Letter to May from the SFWMD | 11/30/99 |
| J | Page from Website of the SFWMD (visited 04/03/2000) | N.A. |
| K | Compilation of Hours Spent by Counsel for Bush | 03/31/2000 |

NOTE:  ATTACHMENTS TO EXHIBITS OMITTED.

# ADDITIONAL

# ATTACHMENTS

# <u>NOT</u>

# SCANNED

PLEASE REFER TO COURT FILE