UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

George May,

    Plaintiff,

vs.                                CASE NO. 00-6191 CIV-~~DIMITROULEAS~~ JORDAN

South Florida Water
Management District

    Defendant,

_____/

    PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS,
DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS, DEFENDANT'S MOTION TO QUASH SUBPOENA DUCAS
TECUM AND STAY ALL PRETRIAL MATTERS, AND PLAINTIFF'S
MOTION TO STRIKE ALL PLEADINGS FILED BY THE DEFENDANT
UNDER FEDERAL RULES OF CIVIL PROCEDURE 7(b),(3), 11, 12(f),
26(g),(1), 26(g),(2), 26(g),(3), UNDER CHAPER 21, 18 USCS
§401, MOTION FOR DEFAULT AND DEFAULT JUDGEMENT AGAINST THE
DEFENDANT UNDER FEDERAL RULE'S OF CIVIL PROCEDURE 12(a),
(1),(A), 54(c), 55(a),(b), 56(a), AND PLAINTIFF'S MEMORAN-
DUM OF LAW.

    COMES NOW, plaintiff, George May, and files this his opposition to defendant's motion to dismiss, defendant's memorandum of law in support of its motion to dismiss, defendant's motion to quash subpoena ducas tecum and stay all pretrial matters, and plaintiff's motion to strike all pleadings filed by the defendant under Federal Rules of Civil Procedure 7(b),(3), 11, 12(f), 26(g),(1), 26(g),(2), 26(g),(3), under Chapter 21, 18 USCS §401, and plaintiff's motion for default and default judgement against the defendant under Federal Rule's of Civil Procedure 12(a),(1),(A), 54(c), 55(a),(b), and 56(a), and plaintiff's incorporated memorandum of law, for cause as follows:

-1-



1. The defendant the South Florida Water Management District has taken the plaintiff's property.

2. The defendant, the South Florida Water Management, has no Eleventh Amendment Immunity, and is obligated to pay the plaintiff for his property taken by the South Florida Water Management.*

> A. The honorable Judge Shahood, has ruled that a taking has occured and the South Florida Water Management is obligated to pay for the property taken, through the nose. "flooding requires payment"
>
> B. The plaintiff's property was taken by the defendant, on September 17, 1999, by flooding private property owned by the plaintiff. See Letter from defendant dated September 17, 1999, signed by Frank R. Finch, no statute of limitations apply.
>
> C. The defendant can be sued under Title 42 U.S. Code § 1983, See <u>Fonda v. gray, 1983(CA 9) CAL 707 F.2d 435.)</u>, In <u>Howlett</u> Justice Stevens, The Supreme Court held that Florida's action violated the Supremacy clause under which state courts have co-ordinated authority and responsibility to enforce the supreme law of the land.
>
> D. In <u>Maine v. Thiboutot</u>, Justice Brennan, held that § 1983's "laws" language encompasses claims based on all violations of federal statutory law.

3. The plaintiff's property is protected under his Land Patent, which allows gambling casino use of his property under the Treaty of 1819, the antedated Treaty of 1848, and the Land Patent Act of 1850, a conclusive judgement, See <u>Priest v. Las Vegas, 232 U.S. 604</u>.

4. Because the plaintiff's property is protected by his Land Patent, the defendant is infringing on his Land Patented Property, by flooding the plaintiff's land patented property on September 17, 1999, and to date. See plaintiff's Land Patent attached herein.**

-2-

*The defendant has filed a taking letter dated September 17, 1999, of active flooding of plaintiff's property, and land acquisition programs and a taking map, that floods the plaintiff's Land Patented Property. See plaintiff's addendum attached herein.

(according to statute, "service of the notice and map, on the owner fixes the date of appropriation") See Robert S. Smith Corp. v. State, 49 N.Y.S. 2d 579; Bauman v. Ross, 167 U.S. 548, 554, 17 S. Ct. 966, 969, 42 L. Ed. 270(1897); Lynnfield v. Peabody, 219 Mass. 322, 106 N.E. 977; Joint Ventures v. Department of Transp. 563 So. 2d 622, 626 (Fla. 1990).

Amen v. City of Dearborn, 718 F.2d 789 (6th Cir. 1983) emphasizes the lack of immunity enjoyed by governmental action under contemporary takings analysis.

A forced dedication order, regulation, or condition does constitute a taking. See Dolan v. City of Tigard, 114 S. Ct. 2309, 129 L. Ed. 2d 304. (1994).

The defendant cannot infringe on the plaintiff's Land Patent, and must pay damages for the infringement See SUMMA CORP. v. California EX REL LANDS COMM'N, 466 U.S. 209, even "sovereign" claims such as those raised by the State of California in the present case must, like other claims, be asserted in the patent proceedings or be barred. Thus no immunity exists for defendant.

The defendant must pay the plaintiff the value of his property according to the "laws, usages, and customs of Mexico, and Spain under the Treaty of 1819, the antedated Treaty of 1848, and the Land Patent Act of 1850, which are no zoning, and Casino Gambling as customs. See Treaty of 1819, the antedated Treaty of 1848, The Land Patent Act of 1850, 1851; plaintiff's Land Patent attached herein; United States v. Mills Heirs, 12 PETERS 215, which is $5 million dollars an acre or more, without plaintiff's oil property, for infringement of his Land Patent. See Priest v. Las Vegas, 232 U.S. 604.

The defendant has failed to answer the plaintiff's Land Patent Infringement claims in his complaint, number 27. protected under the Supremacy Clause, Article VI, Clause 2., and plaintiff's number 28., protected under Treaty of 1819, 1848, and the Land Patent Act of 1850, and has failed to answer the plaintiff's complaint as required by Federal Rule of Civil Procedure within the required 20 days, and have defaulted under Federal Rule of Civil Procedure 12(a),(1),(A).

The defendant has no immunity, Webster v. South Florida Water Management District, 367 So. 2d 734 (Fla. 4th DCA 1979.

-2.1-

5. That because plaintiff's property is protected by his Land Patent, a conclusive judgement, the defendant has filed in his motion to dismiss, memorandum of law in support of its motion to dismiss, false, fraudulent, pleadings, motions, memorandum, and certifications in violation of Federal Rules of Civil Procedure 7(b),(3), 11, 26(g),(1), 26(g),(2), 26(g),(3), and an insufficient defense, and has failed to file the required defenses required by Federal Rule of Civil Procedure 8(b),(c), with his insufficient defense, and has under Federal Rule of Civil Procedure 8(d), admitted to the taking of the plaintiff's Land Patented Property, and infringement of the plaintiff's Land Patent.

6. The plaintiff to prevail on his claims against the defendant, need only facts, not the legal theory he is relying on. See Dioguardi v. Durning, 139 F.2d 744 (2d Cir. 1944),

7. The compensation due to the plaintiff for the defendant's taking the plaintiff's Land Patented Property, and infringing on the plaintiff's Land Patent, is the value of the most profitable use of the plaintiff's property which is Casino Gambling use with a value of $5 million dollars an acre. See Boom Co. v. Patterson, 98 U.S. 403, 407, 408, (1879); McCandless v. United States, 298 U.S. 342, 345 (1936).

8. The defendant's flooding of the plaintiff's property, is an infringement of his Land Patent, a conclusive judgement, and the defendant is required to pay. See United States v. 46,672.96 Acres of Land, 521 F.2d 13,15 (10th Cir. 1975).

-3-

9. The plaintiff's Land Patent infringed on by the defendant, has a value of $5 million dollars an acre, without the oil property protected by his Land Patent, that can only be determined by the defendant's producing the oil lease requested by the plaintiff. In Las Vegas the Gold Strike Casino, has a gold mine inside the Casino, the Casino produces over $1 million dollars a day, and the gold mine has a value in the billions of dollars.

** "The defendant does not have to flood the plaintiff's property, robb his oil property, flood and murder S.W. Dade property owners, help John Sawhill to robb, they can simply build Desalination plants, as defendant has no authority to robb, property and murder people under any law.

WHEREFORE, the plaintiff, George May, prays that this honorable court, strike all pleadings filed by the defendant, under Federal Rules of Civil Procedure 7(b),(3), 11,12(f)26(g),(1),26(g),(2), 26(g),(3), under Chapter 21, 18 USCS §401, contempt of the honorable court, by aiding or abbetting an illegal act, commission of fraud, illegally aiding or abetting interference with custody of property, larceny, embezzlement, and other miscellaneous acts of contempt, and enter summary judgement or a default judgement against the defendant's under Federal Rules of Civil Procedure 54(c), 55(a),(b), and 56(a), for the relief requested in the plaintiff's complaint.

Respectfully submitted

George May
P.O. Box 32247
Palm Bch. gardens
Fl. 33420
561-333-7334

-4-

I hereby certify that a copy of the foregoing was mailed this April 5, 2000, to;

Ruth P. Clements, Esq.
South Florida Water Management District
3301 Gun Club Road
P.O. Box 24680
West Palm Beach, Fl.
33416-4680

George May
P.O. Box 32247
Palm Bch. Gardens
Fl. 33420
561-333-7334

AFFIDAVIT IN SUPPORT OF FINAL JUDGEMENT

1. I George May, being duly sworn upon his oath, state on my personal knowledge as follows:

2. I am an adult resident of Palm Beach County Florida, and this affidavit is made from my personal knowledge. I am competent to testify to the matter contained herein.

3. All the facts alleged in the complaint against the defendant South Florida Water Management District, are documented, and are indisputable. See plaintiff's complaint.

4. The defendant The South Florida Water Management District is not in the Military Service.

5. That the defendant the South Florida Water Management District was served with the plaintiff's summons and complaint on March 15, 2000. See attached original summons.

6. The defendant, The South Florida Water Management District, has not filed any answer or pleading as _required_ by Federal Rules of Civil Procedure 7(b),(3), 7(a), 8(b),(c), 26(g),(1), 26(g),(2), 26(g),(3), 18 USCS §401, and has admitted to all of the claims and allegations in the plaintiff's complaint under Federal Rules of Civil Procedure 8(d), 12(a),(1),(A), 12(g), and 12(h), by not filing any _required_ answer or pleading, as _required_ by the Federal Rules of Civil Procedure before mentioned herein within 20 days after being served with the plaintiff, George May, summons and complaint in this case herein.

7. The plaintiff, George May, apply's to this honorable Court, for a summary judgement, and a default, and default judgement entered against the defendant, the South Florida Water Management District, for the relief requested in the plaintiff's complaint under Federal Rule's 54(c), 55(a),(b), and 56(a).

-1-

FURTHER THE AFFIANT SAYETH NAUGHT

Dated April 5, 2000.

_____
George May

Subscribed and sworn to before me this 5th, day of April 2000.

State of Florida, County of Palm Beach, On April 5, 2000, before me a Notory Public in and for the State of Florida, appeared George May, known to be the person whose name executed the same.

State of Florida, County of Palm Beach
The foregoing instrument was acknowledged before me this 5 day of April 2000 by George May.

_____
NOTARY PUBLIC

PERSONALLY KNOWN _____ OR
PRODUCE I.D. ✓  TYPE OF ID
PRODUCED M000304460060

-2-


Cathy Meyers
My Commission CC882534
Expires October 24, 2003

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE