UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

GEORGE MAY,

      Plaintiff,

v.

SOUTH FLORIDA WATER
MANAGEMENT DISTRICT,

      Defendant.
_____/

CASE NO. 00-06191-CIV-DIMITROULEAS
(Magistrate Johnson)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND MOTION TO STRIKE**

Defendant, SOUTH FLORIDA WATER MANAGEMENT DISTRICT ("SFWMD"), respectfully submits its opposition to plaintiff's motion for default judgment and motion to strike and states:

1. On April 5, 2000 plaintiff filed a "motion to strike all pleadings filed by the [SFWMD]" and a "motion for default and default judgement [sic]" against SFWMD.[1]

2. Plaintiff's motion to strike all SFWMD pleadings pursuant to Fed.R.Civ.P. 12(f) is moot since SFWMD has not filed any pleadings.[2] At this time, SFWMD has only filed a motion to dismiss and a motion to quash. A motion is not a pleading, and therefore Plaintiff's motion to strike SFWMD's motions is not

---

[1] In the same document, Plaintiff asserts his opposition to SFWMD's Motion to Dismiss and Motion to Quash Subpoena Duces Tecum and Stay all Pretrial Matters. SFWMD chooses not to file a reply memorandum to the opposition since it feels that the issues were fully briefed in the initial motion.

[2] Ironically, Plaintiff's Complaint in Case No. 99-7623, which is similar, but not identical to the instant case, was characterized by this Court as "fraught with contradictory statements, indeterminable accusations and unbelievable assertions." 1/20/00 Order of Dismissal, Case No. 99-7623. Pursuant to Fed.R.Civ.P. 12(f), the Court, on its own initiative, may strike such



proper under the Rules. <u>Weiss v. PPG Indus., Inc.</u>, 148 F.R.D. (M.D. Fla. 1993).

3. Furthermore, Fed.R.Civ.P. 55(a) authorizes the clerk to enter a default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." It is well established that the words "otherwise defend" refer to motions to dismiss which prevent default without pleading to the merits of the complaint. <u>Bass v. Hoagland</u>, 172 F.2d 205, 210 (5th Cir. 1949)[3].

4. On April 3, nineteen (19) days after service of the complaint, the SFWMD filed its motion to dismiss based on lack of subject matter jurisdiction. As of this date, no order has been issued regarding the motion to dismiss. Therefore, the District is not in default.

WHEREFORE, the South Florida Water Management District requests that this Court enter an order denying Plaintiff's Motion to Strike and Motion for Default and Default Judgment.

## MEMORANDUM OF LAW

Local rules require each party opposing a motion to serve an opposing memorandum of law. The above response is self-explanatory and requires no further legal argument.

---

pleadings.
[3] Decisions rendered in the Fifth Circuit prior to 10/1/81 have been adopted as binding precedent in the Eleventh Circuit. <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206 (11th Cir. 1981)(en banc).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to George May, P.O. Box 32247, Palm Beach Gardens, FL 33420 this 10th day of April, 2000.

        Respectfully submitted,

        SOUTH FLORIDA WATER MANAGEMENT DISTRICT
        3301 Gun Club Road
        West Palm Beach, FL 33406
        (561) 687-6271
        (561) 687-6276 Facsimile

By _____
        Ruth P. Clements
        FL. Bar No. 813389