UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



George May,

    Plaintiff,

vs.                        Case No. 00-6191 CIV-DIMITROULEAS

The South Florida Water
Management District,

    Defendant,
_____/

PLAINTIFF'S OPPOSITION TO WITHOUT SUBJECT MATTER
JURISDICTION MOTION OF JEB BUSH FOR ISSUANCE OF
SHOW CAUSE ORDER UNDER FEDERAL RULE OF CIVIL
PROCEDURE 11, AND SUPPORTING MEMORANDUM

COMES NOW, plaintiff, George May, and files this his opposition to the without subject matter jurisdiction motion of Jeb Bush for issuance of Show Cause Order under Federal Rule of Civil Procedure 11, and supporting memorandum, for cause as follows:

    1. The plaintiff has not sued Jeb Bush in this action.

    2. The plaintiff did serve Jeb Bush with the action against South Florida Water Management District as chief executive officer, as Federal Rule of Civil Procedure 4(j),(2), requires service upon the agency's chief executive officer, which Jeb Bush is, or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon such defendant.which under Florida Statutes 48.111, is Frank Finch Executive Director of the Agency the South Florida Water Management District.



3. Florida Statutes 120.52(1),(b), lists the defendant the South Florida Water Management District as a an agency that can be sued, by the plaintiff for trespass, and the taking of plaintiff's property by flooding, inverse condemnation, etc.

4. The clear meaning is that the APA does not apply to the governor when he exercises powers derived from the constitution. Jeb Bush was not sued, and was not subject of this complaint herein.

5. Thus since Jeb Bush was not named in this complaint herein, and the APA, agency, The South Florida Water Management, does not apply to the governor, the motion filed by the not named not sued party is "MOOT", and is without subject matter jurisdiction, Jeb Bush was sued in other complaints by the plaintiff, because of his letters to the plaintiff, stating that he would pay the plaintiff, and letters from his attorney's and agents stating that he without subject matter jurisdiction, was going to control all casino gambling in Florida by his tying agreements, and other acts under the color of law, with his knowledge that the Supremacy Clause Article VI, Clause 2, the treaty of 1819, the antedated Treaty of 1848, and the Land Patent Act of 1850, in which the court rule that narrow law applied, and not the written letters of the individual Jeb Bush. Had Jeb Bush, individually, and through his agents not written letters to the plaintiff, making promises, and antitrust statements the plaintiff would not have sued Jeb Bush in the other non related actions.

WHEREFORE, the plaintiff in good faith followed the Federal Rules of Civil Procedure 4(j),(2), and 48.111, in his service of summons on the defendant the South Florida Water Management District, and the motion for issuance of show cause order under Federal Rule of Civil Procedure 11, and supporting memorandum filed by non-party Jeb Bush, is "MOOT", and without subject matter jurisdiction, without jurisdiction of the subject matter, without authority, and void.

                                        Respectfully submitted

                                        George May
                                        P.O. box 32247
                                        Palm Bch. Gardens
                                        Fl. 33420
                                        561-333-7334

I hereby certify that a copy of the foregoing was mailed this April 9, 2000, to;

Charlie McCoy
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Fl. 32399-1050

Ruth Clements
South Florida Water Management District
P.O. Box 24680
West Palm Bch., Fl. 33416-4680

George May
P.O. Box 32247
Palm Bch. Gardens
Fl. 33420
561-333-7334

-4-

Although service of process on both dissolved corporation and employee was invalid, action should remain pending where service was made within 120-day limit. Stoeffler v. Castagliola, App. 2 Dist., 629 So.2d 196 (1993).

In suit quasi in rem by preferred stockholders of gas company to obtain accounting to the company from nonresident executor trustees of decedent's estate which had realty located within the jurisdiction of the court, service of process by publication on a defendant which was a dissolved Florida corporation and on director-trustees thereof was authorized. Gribbel v. Henderson, 10 So.2d 734 (1943) affirmed 153 Fla. 397, 14 So.2d 809.

**48.11. Renumbered as 49.11 by Laws 1967, c. 67-254, § 5**

**48.111. Service on public agencies and officers**

(1) Process against any municipal corporation, agency, board or commission, department, or subdivision of the state or any county which has a governing board, council or commission or which is a body corporate shall be served:

(a) On the president, mayor, chairman or other head thereof; and in his absence;

(b) On the vice president, vice mayor or vice chairman, or in the absence of all of the above;

(c) On any member of the governing board, council or commission.

(2) Process against any public agency, board, commission, or department not a body corporate or having a governing board or commission shall be served on the public officer being sued or the chief executive officer of the agency, board, commission, or department.

(3) In any suit in which the Department of Revenue or its successor is a party, process against the department shall be served on the executive director of the department. This procedure is to be in lieu of any other provision of general law, and shall designate said department to be the only state agency or department to be so served.

### Historical and Statutory Notes

**Derivation:**

Laws 1983, c. 83-216, § 8.
Laws 1973, c. 73-73, § 1.
Laws 1967, c. 67-254, § 4.
Fla.St.1965, §§ 47.20, 47.21.
Comp.Gen.Laws 1927, §§ 2203, 4253, 4254.
Rev.Gen.St.1920, §§ 1494, 2606, 2607.
Gen.St.1906, §§ 774, 1408, 1409.
Rev.St.1892, §§ 581, 1021, 1022.
Laws 1881, c. 3242, §§ 1, 2.

Prior to the 1967 amendment, which renumbered former §§ 47.20 and 47.21 as § 48.111, the former sections read:

"**47.20 Service of process; municipal corporations**

"Process against a municipal corporation may be served;

"(1) Upon the mayor or chief magistrate; or in his absence:

"(2) Upon the recorder; or, in the absence of all of above:

"(3) Upon any alderman or equivalent officer.

"Service upon any officer of a municipal corporation shall be good only when made while he is in the limits of such corporation.

"**47.21 Service of process upon a county**

"Process against a county shall be served upon the chairman of the board of county commissioners, or, in his absence, upon two other members of said board."

A former § 47.27, repealed by L.1967, c. 67-254, § 49, had provided as follows: "Service of process in suits against the state road department shall be made upon the chairman of the said department, or, in his absence, upon two other members of said department." Derivation of former § 47.27:

Comp.Gen.Laws Supp.1936, § 1651(1).
Laws 1931, c. 15022, § 4.

33    SUMMONS    R 4

(i) SERVICE UPON THE UNITED STATES, AND ITS AGENCIES, CORPORATIONS, OR OFFICERS.

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(2) Service upon an officer, agency, or corporation of the United States shall be effected by serving the United States in the manner prescribed by paragraph (1) of this subdivision and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, agency, or corporation.

(3) The court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States if the plaintiff has effected service on either the United States attorney or the Attorney General of the United States.

(j) SERVICE UPON FOREIGN, STATE, OR LOCAL GOVERNMENTS.

(1) Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608.

(2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.



Federal Rules of Civil Procedure

# RIGHTS GUARANTEED

## PRIVILEGES AND IMMUNITIES OF CITIZENSHIP, DUE PROCESS AND EQUAL PROTECTION

### FOURTEENTH AMENDMENT

SECTION 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.



### CITIZENS OF THE UNITED STATES

In the *Dred Scott Case*,[1] Chief Justice Taney for the Court ruled that United States citizenship was enjoyed by two classes of individuals: (1) white persons born in the United States as descendents of "persons, who were at the time of the adoption of the Constitution recognized as citizens in the several States and [who] became also citizens of this new political body," the United States of America, and (2) those who, having been "born outside the dominions of the United States," had migrated thereto and been naturalized therein. The States were competent, he continued, to confer state citizenship upon anyone in their midst, but they could not make the recipient of such status a citizen of the United States. The Negro, according to the Chief Justice, was ineligible to attain United States citizenship, either from a State or by virtue of birth in the United States, even as a free man descended from a Negro residing as a free man in one of the States at the date of ratification of the Constitution.[2] Congress, first in § 1 of the Civil Rights

---

[1] *Scott v. Sandford*, 19 How. (60 U.S.) 393, 404–406, 417–418, 419–420 (1857).
[2] The controversy, political as well as constitutional, which this case stirred and still stirs, is exemplified and analyzed in the material collected in S. Kutler, *The Dred Scott Decision: Law or Politics?* (Boston: 1967).

1467

# PRIOR DEBTS, NATIONAL SUPREMACY, AND OATHS OF OFFICE

## ARTICLE VI

Clause 1. All Debts contracted and Engagements entered into, before the Adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation.

### PRIOR DEBTS

There are no annotations to this clause.



Clause 2. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

### NATIONAL SUPREMACY

#### Marshall's Interpretation of the National Supremacy Clause

Although the Supreme Court had held prior to Marshall's appointment to the Bench, that the supremacy clause rendered null and void a state constitutional or statutory provision which was inconsistent with a treaty executed by the Federal Government,[1] it was left for him to develop the full significance of the clause as applied to acts of Congress. By his vigorous opinions in *McCulloch v. Maryland*[2] and *Gibbons v. Ogden*[3] he gave the principle a vitality which survived a century of vacillation under the doctrine of dual federalism. In the former case, he asserted broadly that "the States have no power, by taxation or otherwise, to retard, impede, burden,

---

[1] *Ware v. Hylton*, 3 Dall. (3 U.S.) 199 (1796).
[2] 4 Wheat. (17 U.S.) 316 (1819).
[3] 9 Wheat. (22 U.S.) 1 (1824).