

FILED by _____ D.C.
JUL 1 0 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6191-CIV-JORDAN

CLOSED CIVIL CASE

| | |
|---|---|
| GEORGE MAY | ) |
| Plaintiff | ) ) |
| vs. | ) ) |
| THE SOUTH FLORIDA WATER MANAGEMENT DISTRICT | ) ) ) |
| Defendant | ) ) |

**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR SANCTIONS AND CLOSING CASE**

Plaintiff George May, appearing *pro se*, sues the South Florida Water Management District, alleging that the District unconstitutionally took his land for public purpose under the color of law without compensation. *See* Complaint [D.E. 1] (Feb. 7, 2000). Mr. May alleges violations of his civil rights under the Civil Rights Act of 1870, 42 U.S.C. § 1983, the Civil Rights Act of 1871, 42 U.S.C. § 1985, his due process rights and other rights under the Supremacy Clause and the Fifth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments of the United States Constitution. *See id.* ¶¶ 9, 10. Mr. May seeks $10 million in compensatory damages and $1 billion in other damages. *See id.* ¶ 38.

**The South Florida Water Management District's Motion to Dismiss**

The District moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6). *See* Motion to Dismiss [D.E. 11] (April 4, 2000). Mr. May responded to the motion to dismiss on April 7, 2000. The District's motion to dismiss should not be granted unless it appears beyond doubt that Mr. May could prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957). The Court must take the allegations of the complaint as true and must read the complaint to include any theory on which Mr. May can recover. *See Lindner v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir. 1992). For the reasons set forth below, the motion to dismiss is GRANTED.

On April 8, 1985, Mr. May purchased land thorough his dissolved corporation so that he could develop a gambling business. On or about May 6, 1991, the District flooded his property. *See* Complaint ¶ 20. In 1994, the District informed Mr. May that his property was appraised for $12,800,



which Mr. May alleges to be fraudulent. According to the complaint, the District acted unlawfully by advising property owners to sell their land, by interfering with Mr. May's contracts to sell the property, denying building permits, denying repair and occupancy permits, making false appraisals, threatening him, killing him and other citizens by flooding property, and not draining his property as required. *See id.* at ¶¶ 6, 8. Mr. May sold the property on March 7, 1997, because he was "in fear for his life."

This case is nearly identical to *George May v. South Florida Water Management District*, Case No. 00-0519-CIV-JORDAN, and *May v. South Florida Water Management District*, Case No. 95-8240-CIV-NESBITT. Both of those cases were dismissed for lack of subject matter jurisdiction because Mr. May failed to allege that he exhausted the available state law remedies for his inverse condemnation claim against the District. *See* Case No. 00-0519-CIV-JORDAN, Order Granting Motions to Dismiss [D.E. 19] (S.D. Fla. May 31, 2000) (attached to this order); Case No. 95-8240-CIV-NESBITT, Order on Motion to Dismiss [D.E. 14] (S.D. Fla. July 25, 1995) (attached to this order). The Court lacks jurisdiction over this case for the same reason. The Eleventh Circuit made clear in *Reahard v. Lee County*, 30 F.3d 1412, 1417 (11th Cir. 1994), that a plaintiff asserting a "takings" claim must exhaust all state law procedures for compensation, including judicial and administrative proceedings, before such a claim is ripe for federal court review. *See also Williamson County Regional Planning Comm'n v. Hamilton*, 473 U.S. 172, 195 (1985) ("if a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and has been denied just compensation"). The "rationale for this requirement is that the State's action is not 'complete' in the sense of causing a constitutional injury, 'unless the State fails to provide an adequate postdeprivation remedy for the property loss.'" *Reahard*, 30 F.3d at 1416 (quoting *Williamson*, 473 U.S. at 195). Florida state courts have an inverse condemnation procedure which Mr. May must pursue before bringing this "takings" claim to federal court. *See id.* at 1417 (collecting cases).

Mr. May fails to allege in his complaint that he has pursued his challenges to the condemnation proceedings against him in state court. All of Mr. May's allegations in his complaint arise out of his objections to the appraisal value of the land that was condemned by the State. *See* Complaint ¶¶ 22, 30. Mr. May must bring his dispute in state court first. As in his previous cases against the South Florida Water Management District, Mr. May fails to allege that he has exhausted

his state administrative and judicial procedures with respect to his allegations against District. Mr. May refers to a judgment on March 24, 1999, but that judgment, according to the complaint, dealt with casino gambling and was based on nineteenth century treaties with Spain and Mexico. *See* Complaint ¶ 28. A letter attached to the complaint mentions a 1996 judgment in favor of Mr. May for $12,127.21 plus interest, however that judgment was in reference to a state case entitled *Fischer v. Florida 2000, Inc.*, No. 95-10858 12, and does not appear to involve a state inverse condemnation proceeding. *See* Letter from B.J. Reeves to George May (March 7, 1996) (attached to the complaint). Because it lacks subject matter jurisdiction, the Court does not decide whether the District is entitled to immunity under the Eleventh Amendment or whether Mr. May's claims are barred by the statute of limitations.

### The Motion for Sanctions

Governor Jeb Bush moves for sanctions against Mr. May for serving him with the complaint in this case. The Court dismissed all claims against Governor Bush and the State of Florida on Eleventh Amendment grounds. *See* Order on Motion to Dismiss [D.E. 8] (March 22, 2000). Mr. May erroneously believed that Governor Bush was the appropriate person to be served with a complaint against the District. Because Mr. May is appearing *pro se* and appears to have been only mistaken about the proper party to be served, the motion for sanctions is denied. Mr. May is cautioned that where a court dismisses a plaintiff's claim with prejudice a plaintiff may not serve an identical complaint on the same defendant without risking Rule 11 sanctions.

### Conclusion

The District's motion to dismiss [D.E. 11] is GRANTED. Governor Bush's motion for Rule sanctions [D.E. 8] is DENIED. All other pending motions are DENIED AS MOOT. This case is CLOSED.

DONE and ORDERED in chambers in Miami, Florida, this 10th day of July, 2000.

_____
Adalberto Jordan
United States District Judge

Copy to:  George May, pro se
          Charlie McCoy, Esq.
          Ruth P. Clements, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-0519-CIV-JORDAN

FILED by _____ D.C.
MAY 3 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

GEORGE MAY )
    Plaintiff )
)
vs. )
)
SOUTH FLORIDA WATER )
MANAGEMENT DISTRICT )
)
    Defendant )
_____ )

CLOSED CIVIL CASE

**ORDER GRANTING MOTIONS TO DISMISS, DENYING MOTION FOR A SHOW CAUSE ORDER, AND CLOSING CASE**

Plaintiff George May, appearing *pro se*, filed a complaint against the South Florida Water Management District, alleging that the District flooded his land and thereby took his land without just compensation. *See* Complaint [D.E. 1] (Feb. 7, 2000). Mr. May alleges violations of his civil rights under the Civil Rights Act of 1870, 42 U.S.C. § 1983, the Civil Rights Act of 1871, 42 U.S.C. § 1985, 28 U.S.C. § 1343(a)(1)–(4), his due process rights and other rights under the Fifth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments, and the Supremacy Clause of of the United States Constitution. *See id.* ¶ 27. He seeks just compensation for the regulatory taking of his property in the amount of $ 1.650 billion dollars. *See id.* ¶¶ 30, 35, 40.

**The South Florida Water Management District's Motion to Dismiss**

The District moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6). Mr. May responded to the motion to dismiss on April 10, 2000. The District's motion to dismiss should not be granted unless it appears beyond doubt that Mr. May could prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957). The Court must take the allegations of the complaint as true and must read the complaint to include any theory on which Mr. May can recover. *See Lindner v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir. 1992). For the reasons set forth below, the motion to dismiss [D.E. 10, 11] is GRANTED.

In 1980, Mr. May purchased land through his dissolved corporations so that he could develop a casino gambling business. In May of 1985, the District flooded his property, which was an area containing "oil reserves that exceeded the arab states." Complaint ¶¶ 20, 21. In 1997, the District in conjunction with "criminal communists called environmentalist[s] and members of the federal government," built flood gates to further flood the property and "threaten the property owners to sell under the fear of death." *Id.* ¶ 26. Mr. May's complaint also includes several "takings" allegations that do not appear to involve the District: the United States government's initiation of condemnation proceedings against Mr. May in 1999 in expanding the Everglades National Park; and an ordinance passed by Dade County in 1989 precluding Mr. May from building on his property. *See id.* ¶ 22.

This Court lacks subject matter jurisdiction in this case because Mr. May fails to allege that he has exhausted the state law remedies for his inverse condemnation claim against the District. The Eleventh Circuit made clear in *Reahard v. Lee County*, 30 F.3d 1412, 1417 (11th Cir. 1994), that a plaintiff asserting a "takings" claim must exhaust all state law procedures for compensation, including judicial and administrative proceedings, before such a claim is ripe for federal court review. *See also Williamson County Regional Planning Comm'n v. Hamilton*, 473 U.S. 172, 195 (1985) ("if a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation"). The "rationale for this requirement is that the State's action is not 'complete' in the sense of causing a constitutional injury, 'unless or until the State fails to provide an adequate postdeprivation remedy for the property loss.'" *Reahard*, 30 F.3d at 1416 (quoting *Williamson*, 473 U.S. at 195). Florida state courts have an inverse condemnation procedure which Mr. May must pursue before bringing this "takings" claim to federal court. *See id.* at 1417 (citing cases).

Mr. May fails to allege in his complaint that he has pursued his challenges to the condemnation proceedings against him in state court. Mr. May states that he is entitled to damages for "the defendant's not acknowledging the taking" and "not providing [him] a forum for the fixing of 'just compensation.'" Complaint ¶¶ 14, 29. Mr. May, however, must pursue his claim in state court first. In 1995, this Court dismissed a virtually identical claim by Mr. May against the District on the same grounds. *See* Order Granting Defendant's Motion to Dismiss, *May v. South Florida*

*Water Management District*, 95-8240-CIV-NESBITT (S.D. Fla. July 25, 1995) (attached to this order). As in his 1995 case, Mr. May fails to allege that he has exhausted all of his state administrative and judicial procedures with respect to his allegations against the District, as well as any claims he may have against Miami-Dade County or the United States. Although Mr. May refers to a judgment rendered on March 24, 1999, that judgment, according to Mr. May, dealt with casino gambling and was based on nineteenth century treaties with Spain and Mexico. *See* Complaint ¶ 28. The letters attached to the complaint indicate that Mr. May has demanded payment for his property, but do not show that Mr. May has used available state remedies to seek compensation. Because it lacks subject matter jurisdiction, the Court does not decide whether the District is entitled to immunity under the Eleventh Amendment or whether Mr. May's claims are barred by the statute of limitations.

### Governor Jeb Bush's Motion to Dismiss and Motion for Rule 11 Sanctions

Mr. May has served Governor Jeb Bush, as "Chief Executive Officer of SFWMD," with the complaint in this case. *See* Summons [D.E. 2] (Feb. 7, 2000). Governor Bush filed a motion to dismiss [D.E. 4] and a motion asking the Court to issue a show cause order as to why Rule 11 sanctions should not be imposed on Mr. May for serving the complaint on him [D.E. 11]. Governor Bush argues that Mr. May's complaint against him is frivolous and in bad faith because this Court has already ruled that Mr. May is barred by the Eleventh Amendment from bringing these claims against Governor Bush. Indeed, Mr. May has recently filed several lawsuits in this Court against Governor Jeb Bush and Florida for these same claims. All of these claims were dismissed as barred by the Eleventh Amendment. *See* Order Granting Motion to Dismiss, *May v. Florida*, No. 99-7623-CIV-DIMITROULEAS (S.D. Fla. Jan. 20, 2000); Order Granting Defendants' Eleventh Amendment Motion to Dismiss, *May v. Florida*, No. 99-3347-CIV-SEITZ (Feb. 1, 2000). *See also* Order Granting Defendants' Motion to Dismiss With Prejudice, *May v. Florida*, No. 99-0003-CIV-JORDAN (March 21, 2000) (dismissing claim that Governor Bush attempted to restrain "freedom" of trade by blocking Mr. May's development of airport gambling business on Eleventh Amendment grounds).

Mr. May responded that he served Governor Bush because he was the Chief Executive Officer of the South Florida Water Management District, but states that he is not suing Governor Bush. Mr. May cannot name the District in his complaint, and then attempt to sue Governor Bush, a defendant that the Court has previously determined to be immune to suit. *See* Order on Motion to

Dismiss and Motion to Stay all Pretrial Matters, *May v. South Florida Water Management District*, No. 00-6191-CIV-DIMITROULEAS (March 22, 2000) (attached). Governor Bush's motion to dismiss [D.E. 4] is therefore GRANTED. Any claims in this case against Governor Bush are DISMISSED WITH PREJUDICE.

    A Court may impose Rule 11 sanctions where (1) a party files a pleading that has no reasonable factual basis; (2) the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) the party files a pleading in bad faith or for an improper purpose. *See Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991). The goal of Rule 11 is "to deter the filing of frivolous claims and defenses," but not to "chill a [party's] enthusiasm or creativity in pursuing factual or legal theories." *Id.* at 1514 n. 88. Courts examine whether the claims are objectively reasonable, and also determine, in light of the facts or the law, whether the person who signed the pleadings should have been aware that they were objectively frivolous. *See id.* Because Mr. May is appearing *pro se* and served his complaint on Governor Bush before he received Judge Dimitrouleas' order explaining that by serving Governor Bush Mr. May is suing Governor Bush, the Court declines to issue a show cause order as to Rule 11 sanctions at this point. Nevertheless, in the future, Mr. May should be aware that a where a Court dismisses a plaintiff's claim with prejudice, that plaintiff may not serve identical complaints on that same defendant without risking Rule 11 sanctions.

## Conclusion

    The District's motion to dismiss [D.E. 10, 11] is GRANTED. Governor Bush's motion to dismiss [D.E. 4] is GRANTED, and his motion for a show cause order on Rule 11 sanctions [D.E. 11] is DENIED. All other pending motions are DENIED AS MOOT. This case is CLOSED.

    DONE and ORDERED in chambers in Miami, Florida, this 31st day of May, 2000.

                                                                                         */s/ Adalberto Jordan*
                                                                                          Adalberto Jordan
                                                                                          United States District Judge

Copy to:    George May, pro se, Charlie McCoy, Esq., Ruth P. Clements, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-8240-CIV-NESBITT

GEORGE MAY, individually and
on behalf of all owners of
real property in "The
Acreage," Palm Beach County,
Florida,

    Plaintiff,

vs.

THE SOUTH FLORIDA WATER
MANAGEMENT DISTRICT, a public
corporation of the State of
Florida,

    Defendant.
_____/

FILED by M__ D.C.

JUL 25 1995

CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

This cause comes before the Court upon Defendant's Motion to Dismiss, filed May 2, 1995 (D.E. #4), Plaintiff's Motion for Declaratory Judgment, filed May 19, 1995 (D.E. #9), and Plaintiff's Motion to Strike Defendant's False and Fraudulent Affidavit and Motion for Default and Judgment, filed June 12, 1995 (D.E. #12).

## I. INTRODUCTION

Plaintiff George May, *pro se*, filed this action on behalf of himself and all others similarly situated on April 21, 1995, alleging causes of action under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff May, who owns property in an area in Palm Beach County known as "The Acreage," alleges that the actions of Defendant South Florida Water Management District ("South Florida") led to the flooding of Plaintiff May's property. As a consequence, Plaintiff May believes

that his property was taken without just compensation in violation of the Constitution.[1]

In response to Plaintiff May's Complaint, Defendant South Florida filed the instant Motion to Dismiss, arguing that, because Plaintiff May has not sought review of Defendant South Florida's action in the state courts or through an administrative hearing, Plaintiff's Fifth Amendment "takings clause" action is not ripe, and, therefore, the Court does not have subject matter jurisdiction over the action. For the reasons set forth below, the Court agrees with Defendant's assertion.

## II. DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The Court, however, is confined to a review of the allegations pleaded in the complaint, must accept those allegations as true, and must resolve any factual issues in a manner favorable to the nonmovant. See *Quinones v. Durkis*, 638 F. Supp. 856, 858 (S.D. Fla. 1986). Thus, a claim may be dismissed pursuant to Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts

---

[1] Plaintiff May also states that the actions of Defendant were "violations of Section 9(b) of the Federal Power Act," (Compl. ¶ 4). Section 9(b) of the Federal Power Act pertains to the prerequisites for applications to the Federal Power Commission for licenses. Plaintiff May does not state a cogent cause of action under the Federal Power Act by which relief may be granted under any set of facts, and, therefore, any portion of Plaintiff's Complaint alleging a Federal Power Act action must be dismissed.

-2-

consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Applying these principles, the Court concludes that a Rule 12(b) dismissal is appropriate in this case. In *Williamson County Regional Planning Comm'n v. Hamilton*, 473 U.S. 172 (1985), the United States Supreme Court held that a federal court does not have jurisdiction to hear a takings clause action until the plaintiff has exhausted all administrative and state court review of the alleged governmental taking. "The rationale for this requirement is that `the State's action is not "complete" in the sense of causing a constitutional injury `unless or until the State fails to provide an adequate postdeprivation remedy for the property loss.'" *Reahard v. Lee County*, 30 F.3d 1412, 1416 (11th Cir. 1994) (quoting *Williamson*, 473 U.S. at 195).

Applying this ruling, the Eleventh Circuit in *Reahard* held that a plaintiff's just compensation claim "has ripened only if the `just compensation' hurdle has been met, i.e., if `all state procedures for just compensation have been utilized'. . . . `[L]itigation of the merits of a just compensation claim in federal court [is precluded] unless the state declines to provide adequate procedures through which an aggrieved party might seek compensation.'" *Reahard*, 30 F.3d at 1416-17.. In this same decision, the Eleventh Circuit recognized that Florida has an inverse condemnation procedure available in the state courts which a plaintiff must pursue before filing a just compensation action in federal court.

Scanned Image - 0:00CV6246 Document 14 page 3 Sun May 23 13:17:35 1999

Plaintiff May has not alleged that he has pursued an inverse condemnation action in state court prior to the filing of this suit, and, therefore this action is not ripe. Because this Court lacks subject matter jurisdiction over this action, it is hereby

**ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss, filed May 2, 1995 (D.E. #4), is **GRANTED**. Consequently, Plaintiff's Motion for Declaratory Judgment, filed May 19, 1995 (D.E. #9), and Plaintiff's Motion to Strike Defendant's False and Fraudulent Affidavit and Motion for Default and Judgment, filed June 12, 1995 (D.E. #12), are **DENIED as moot**.

DONE and ORDERED in chambers, Miami, Florida, this 20 day of July, 1995.

LENORE C. NESBITT
UNITED STATES DISTRICT JUDGE

cc: George May, *pro se*
    Ruth P. Clements, Esq.